IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SEAN M. ALLEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 21-00572-CV-W-BP-SSA ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

**ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS**

Pending is Plaintiff's appeal of the Commissioner of Social Security's decision denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). For the following reasons, the Commissioner's decision is **AFFIRMED**.

**I. BACKGROUND**

Plaintiff Sean Allen was born in January 1982, and applied for DIB on August 5, 2019, and SSI on September 17, 2019, alleging that he became disabled on July 23, 2019. (R. at 172, 182.) Prior to his alleged onset date, Plaintiff had work experience as a certified medication tech. (R. at 19.)

After holding a hearing, an Administrative Law Judge ("ALJ") found that Plaintiff suffers from degenerative disc disease of the lumbar spine, hypothyroidism, hypertension, hernias, depression, and anxiety disorder. (R. at 15.) However, the ALJ found that these problems were not medically equal in severity to one of the listed impairments in 20 C.F.R. Part 404. (R. at 16.)

The ALJ then evaluated Plaintiff's Residual Functional Capacity ("RFC"). He found that, due to Plaintiff's impairments, Plaintiff can perform sedentary work with the following additional

limitations: he can never climb ladders, ropes, or scaffolds; he can occasionally climb ramps and stairs, and balance, stoop, kneel, or crouch; he must avoid frequent exposure to cold, wetness, machinery, and heights; he can perform only simple and repetitive tasks; and he can only occasionally interact with others. (R. at 17.)

After formulating Plaintiff's RFC, the ALJ found that Plaintiff could not perform his past relevant work, but that he could perform a number of jobs that exist in significant numbers in the national economy, including a document preparer, a circuit board assembler, and a packager. (R. at 20.) The ALJ then concluded that Plaintiff is not disabled.

Plaintiff has now appealed the ALJ's determination, arguing that it was not supported by substantial evidence. The Commissioner opposes Plaintiff's appeal. The Court resolves these issues below, setting out additional facts as needed.

## II. DISCUSSION

The Court has a limited ability to revisit the conclusions of an ALJ. Specifically, "review of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Although the substantial evidence standard is favorable to the Commissioner, it requires the Court to consider evidence that fairly detracts from the Commissioner's decision. *E.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012). But if the Court finds substantial evidence to support the Commissioner's decision, it cannot reverse the decision simply because there is also substantial evidence that might have supported the opposite outcome. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). With these principles in mind, the Court turns to Plaintiff's arguments.

1. **The ALJ's Failure to Address Nurse Hanson's Opinion**

Plaintiff's first argument is that the ALJ failed to evaluate the persuasiveness of the opinion of Debra Hanson, ARNP. (Doc. 7, pp. 6–7.) Specifically, Hanson completed a questionnaire in September 2018, indicating that Plaintiff could no longer perform the job of a certified medical technician or certified nurse assistant due to his back pain. (R. at 362–65 (Hanson's questionnaire).) But despite this opinion, Plaintiff continued to work full-time as a medical technician—at a level at least equal to medium work—for ten months after Hanson completed her questionnaire. (R. at 37, 208, 261.)

The regulations require the ALJ to evaluate a claimant's RFC "based on all of the *relevant* medical and other evidence." 20 C.F.R. §§ 404.1545(a)(1)–(3), 416.945(a)(1)–(3) (emphasis added). Insofar as a medical opinion is relevant, the ALJ must evaluate the persuasiveness of that opinion in light of the record. 20 C.F.R. §§ 404.1520c, 416.920c. The ALJ did not evaluate Hanson's opinion in formulating Plaintiff's RFC. (R. at 19.)

However, the Court agrees with Defendant that this is not reversible error for two reasons. (Doc. 10, p. 4.) First, Hanson's opinion predates Plaintiff's alleged onset date by ten months, and despite her opinion that Plaintiff could not continue working, he *did* continue working at a medium exertional level or higher until the alleged onset date. Given that Hanson's opinion significantly predated Plaintiff's alleged onset date and appears inconsistent with the work he was able to perform after she identified his supposedly disabling conditions, it is of questionable relevance. *See, e.g., Van Vickle v. Astrue*, 539 F.3d 825, 830 (8th Cir. 2008) (disregarding medical evidence predating the alleged onset date). Second, and more importantly, any failure to evaluate the persuasiveness of Hanson's opinion is harmless, because the ALJ ultimately concluded that Plaintiff was limited to sedentary work—which is consistent with Hanson's opinion that Plaintiff

3

could no longer work as a medical technician or nurse assistant. *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012) ("To show an error was not harmless, [a claimant] must provide some indication that the ALJ would have decided differently if the error had not occurred."). Therefore, the ALJ's failure to evaluate Hanson's opinion is not a reason for reversal.

  2. **Plaintiff's Mental Limitations**

Due to Plaintiff's depression and anxiety, and alleged poor concentration and memory, the ALJ limited Plaintiff to performing simple and routine tasks, and to only occasionally interacting with others. (R. at 17.) In doing so, the ALJ did not fully accept Plaintiff's account of his mental limitations. (R. at 18–19.) Plaintiff argues that the mental portion of Plaintiff's RFC is unsupported by medical evidence, and that the ALJ should have further developed the record on Plaintiff's mental health conditions. (Doc. 7, p. 11.)

The Court disagrees. Initially, "[i]t is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's RFC." *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003). Plaintiff's "failure to provide medical evidence with this information should not be held against the ALJ when there is medical evidence that supports the ALJ's decision." *Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008). And "[w]hile an ALJ does have a duty to develop the record, this duty is not never-ending and an ALJ is not required to disprove every possible impairment. The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011) (internal citation omitted).

In light of these principles, the Court finds that the ALJ's determination of Plaintiff's mental limitations is supported by substantial evidence in the Record. In November 2019, Plaintiff did not report any mental health limitations whatsoever, (R. at 45), and has not received any

4

Case 4:21-cv-00572-BP   Document 12   Filed 03/11/22   Page 4 of 5

significant treatment for a mental disorder. (R. at 26.) A medical examination from November 2019 reveals that Plaintiff's "memory was normal and [his] concentration was good," and that Plaintiff exhibited "clear thought processes" and "appropriate" mood. (R. at 327.) Plaintiff did not seek any mental health treatment until September 2020, when he began to exhibit suicidal ideation, (R. at 540), but shortly thereafter, Plaintiff indicated that he was "feeling way better" and his symptoms of depression had significantly improved. (R. at 542, 551.) Thus, there is little in the record to suggest that Plaintiff has experienced anything other than an isolated mental health episode, and nothing to suggest that the ALJ's limitation of Plaintiff to simple, routine work with limited interaction with others is insufficient to account for Plaintiff's mental health symptoms. Thus, this is not a reason for reversal.

### III. CONCLUSION

For the foregoing reasons, the Court finds that substantial evidence supports the ALJ's determination of Plaintiff's RFC. Consequently, the Commissioner's final decision denying benefits is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATE**: March 11, 2022

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT